IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>KENNETH DUANE ELLIS,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S STIPULATED MOTION TO STRIKE TRIAL DATE AND SET CHANGE OF PLEA HEARING<br><br><br>Case No. 2:12-CR-546 TS |

Counsel for Defendant moves to strike the trial date currently set for January 22, 2013 and set a change of plea hearing in approximately thirty days. "A time period of thirty days is requested to allow the parties adequate time to gather supporting information and documentation that will allow them to finalize the terms and conditions of the plea agreement."[1] The government has no objection.

---

[1] Docket No. 18, at 2.

1

The Government brought its Indictment against Defendant on September 12, 2012. Defendant made his initial appearance in this matter on September 13, 2012. On September 13, 2012, the Court set a trial date of November 19, 2012. Shortly before the anticipated trial date, Defendant moved for a continuance. The Court granted Defendant's continuance and reset Defendant's trial for January 22, 2013. In its order granting continuance, the Court waived speedy trial act time for the time period between the original and reset trial dates. By the Court's calculation, sixty-two days of speedy trial act time have passed.

The Court finds that Counsel has not shown why he could not, considering due diligence, be prepared to proceed at this time. As the Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. . . . Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.[2]

In *United States v. Larson*,[3] the Tenth Circuit further explained what is insufficient for the Court to make the required ends-of-justice findings necessary to exclude time. As in *Larson*, in the present case there is no information on what preparations Defendant has already made.[4] Without this type of information, the Court can not "adequately determine whether denying the

---

[2]*United States v. Toombs*, 574 F.3d 1262, 1271–72 (10th Cir. 2009) (footnote and citations omitted).

[3]627 F.3d 1198 (10th Cir. 2010).

[4]*Id*. at 1204–05.

continuance would deprive defense counsel of the 'reasonable time necessary for effective preparation, taking into account the exercise of due diligence.'"[5] It is therefore

ORDERED that Defendant's Motion to Strike Trial Date and Set Change of Plea Hearing (Docket No. 18) is DENIED WITHOUT PREJUDICE. Defendant may file an amended motion with the information required to make a proper finding under the Speedy Trial Act, or may contact a Magistrate Judge to set this matter for a change of plea.

DATED   January 29, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Id*. (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)) (emphasis added in *Larson*).